UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN PAUL MCGUIRE,

                              Plaintiff,                      DECISION AND ORDER

                          -vs-                                18-CV-6554-MJP

COMMISSIONER OF SOCIAL SECUIRTY,

                              Defendant.
_____

## INTRODUCTION

**Pedersen, M.J**. Plaintiff John Paul McGuire ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States magistrate judge. (ECF No. 14.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 11 & 12.) For the reasons stated below, this matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

Plaintiff filed for a Period of Disability, DIB, and SSI benefits on April 17, 2015, alleging disability as of August 15, 2014. (R.[1] 106–107, 157.) The Social Security Administration denied his claim on September 10, 2015. (R. 126–130.) On March 23, 2017, a video hearing was held before an Administrative Law Judge ("ALJ") who was in Alexandria, Virginia. Plaintiff and his counsel participated in the video hearing in Rochester, New York. (R. 52–105.) A vocational expert also testified at the hearing. (R. 52–105.)

The ALJ issued a Decision on July 14, 2017, finding that Plaintiff had the following severe impairments: autism spectrum disorder and generalized anxiety disorder. (R. 7–30.) Nevertheless, the ALJ determined that Plaintiff was able to

> perform a full range of work at all exertional levels but with the following non-exertional limitations: he can perform simple routine tasks. He can tolerate occasional contact with supervisors and coworkers, but no contact with the general public. He cannot perform tandem work or work involving conveyor belts or assembly lines. He needs a work environment with no greater than a moderate noise level.

Plaintiff appealed to the Social Security Administration's Appeals Counsel and that body denied his request for review on June 4, 2018, making the ALJ's

---

[1] Record of Proceedings before the Social Security Administration. (Jan. 2, 2019, ECF No. 8.)

decision the Commissioner's final decision. (R. 1–4.) Plaintiff filed this lawsuit on March 18, 2019.

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the district court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curium)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's

findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

> (1) whether the claimant is currently engaged in substantial gainful activity;
>
> (2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";
>
> (3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;
>
> (4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and

4

> (5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## ANALYSIS

Plaintiff raises one issue for the Court's review – that the ALJ improperly evaluated certain opinion evidence provided in connection with his case. (Pl.'s Mem. of Law, ECF No. 11 at 12.) Plaintiff contends that the ALJ only conducted a cursory review of certain opinion evidence and failed to provide sufficient explanations for why he assigned various weights to those opinions, or even indicate what portion of the opinions the ALJ credited, which prevents any meaningful review of the decision. *Id.* Plaintiff requests that the matter be remanded for reweighing of the opinion evidence. *Id.*

The record does not appear to contain any medical opinions from a treating physician. As such, the only opinions in the record by physicians and treating sources regarding Plaintiff's mental limitations and treatment related thereto are from consulting and/or examining physicians, non-physician therapists, and a state agency review physician. Importantly,

5

> While the opinions of consulting and examining physicians and non-acceptable medical sources are not entitled to controlling weight, in the absence of a controlling treating physician opinion, such opinions take on particular significance. In such circumstances, an ALJ must consider opinions by each of these sources using the same factors that are typically used to evaluate the opinions of treating physicians . . . and must explain in his decision the weight given to each and the reasons therefor.

*Montanez v. Berryhill*, 334 F. Supp. 3d 562, 564 (2018) (internal quotations and citations omitted), citing 20 C.F.R. §§ 404.1527(c)(1)-(6), § 404.1527(f)(1). Where an ALJ fails to comply with this mandate, remand is warranted.

When evaluating the certain opinion evidence contained in the record the ALJ provided the following "reasoning" for the weight assigned to each opinion:

> The undersigned accords partial weight to the opinions of Dr. Brownfeld and Dr. Lieber-Diaz as portions of their assessments are consistent with the overall evidence of record. Little weight is given to the opinions of Dr. Martinez, Ms. Jarvie, Ms. Garard, Mr. Jones and Ms. Lyon, as their opinions are very vague and inconsistent with the overall evidence of the record. Furthermore, Ms. Jarvie, Ms. Garard, Mr. Jones and Ms. Lyon are not acceptable medical sources.

While the ALJ did provide perfunctory reasons for the weight given, this was not sufficient to alert Plaintiff as to the factual basis for the assigned weight. The ALJ was required to provide more than the conclusory reasons given for the weight assigned to the opinions. For example, the ALJ assigned "partial weight" to the opinions of Dr. Brownfeld and Dr. Lieber-Diaz "as portions of their assessments are consistent with the overall evidence of record." The provided reasoning does not provide any insight into what

6

"portions" of the doctor's opinions the ALJ credited as being consistent with the evidence of record. Further, the ALJ fails to explain why he only accorded "little weight" to the opinions of Dr. Martinez, Ms. Jarvie, Ms. Garard, Mr. Jones and Ms. Lyon, other than stating that their opinions were vague and inconsistent with the record. This bald statement provides no discernable reasons for why the ALJ considered the opinions provided by these to be vague or how they were inconsistent with the record.

These errors in assessing the opinion evidence of certain consulting and examining physicians may have influenced the AJL's ultimate finding that Plaintiff was not disabled. Accordingly, I find that the ALJ's determination that Plaintiff was not disabled is not supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (ECF No. 11) is granted and the Commissioner's motion for judgment on the pleadings (ECF No. 12) is denied pursuant to the fourth sentence of 42 U.S.C. § 405(g) for an expedited hearing. The Clerk of the Court is directed to enter judgment in favor of the Plaintiff and close this case.

**IT IS SO ORDERED.**

DATED: February 21, 2020
Rochester, New York

/s/ Mark W. Pedersen
MARK W. PEDERSEN
United States Magistrate Judge